STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
SUSAN K. SEFLIN – Bar No. 213865
JESSICA L. BAGDANOV – Bar No. 281020
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:    sgubner@bg.law
          jkomorsky@bg.law
          sseflin@bg.law
          jbagdanov@bg.law

Attorneys for David Seror,
Chapter 7 Trustee and Appellee

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ALLANA BARONI,<br><br>        Debtor.<br><br>ALLANA BARONI,<br><br>        Appellant,<br><br>v.<br><br>DAVID SEROR, CHAPTER 7 TRUSTEE,<br><br>        Appellee. | Case No. 2:23-cv-06689-WLH<br><br>Bankr. Case No. 1:12-bk-10986-MB<br><br>**NOTICE OF RELATED CASES**<br>**[USDC L.R. 83-1.3.1]**<br><br>**RELATED CASES:**<br><br>**2:23-cv-06457-MWF**<br>**2:23-cv-06235-MWF**<br>**2:23-cv-02642-MWF**<br>**2:23-cv-02264-MWF**<br>**2:23-cv-01818-MWF**<br>**2:23-cv-01812-MWF**<br>**2:22-cv-07414-MWF**<br>**2:22-cv-06985-MWF**<br>**2:22-cv-06867-MWF**<br>**2:20-cv-04338-MWF**<br>**2:19-cv-07548-MWF**<br>**2:18-cv-10431-MWF** |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Central District Local Rule 83-1.3.1, David Seror, Chapter 7 Trustee for the bankruptcy estate of Allana Baroni (the "Debtor"), Bankr. Case No. 1:12-bk-10986-MB, and appellee herein (the "Trustee"), hereby gives notice to this Court that this proceeding arises "from the same or a closely related transaction, happening, or event" and calls for the "determination of the same or substantially related or similar questions of law and fact" as to at least **twelve** other matters now currently pending or recently pending before the District Court, and would entail substantial duplication of labor if heard by different judges and would risk inconsistent rulings and/or findings.  C.D. Cal. L.R. 83-1.3.1.

The other matters currently pending and formerly pending before the Honorable Michael W. Fitzgerald are also appeals from orders of the bankruptcy court, as follows:

**Related Appeal 2:23-cv-06457-MWF (the Calabasas Sale Order, Calabasas Abandon Order, and "Summary Judgment Order"):**

This appeal concerns Allana Baroni's appeal of the bankruptcy court's Calabasas Sale Order [Bankr. Doc. No. 1919] and the Calabasas Abandon Order entered on July 27, 2023, and appealed by Allana Baroni on August 3, 2023 to the Bankruptcy Appellate Panel and transferred to the District Court on August 8, 2023. Both of these orders are the subject of the current appeal pending before Judge Fitzgerald brought by the Debtor's spouse, James Baroni.  See case no. 23-cv-06235-MWF.  The Debtor also appeals a partial summary judgment ruling by the bankruptcy court (the "Summary Judgment Order") in a related adversary proceeding requiring the Debtor and her family to vacate the Calabasas Property in order to effectuate the sale of the Calabasas Property.  Adv. Case No. 23-ap-01004-MB, at Doc. No. 47 (Order Granting Motion for Partial Summary Judgment).  The Calabasas Property is the last estate asset and which property was previously found to be an asset of the estate.  *See In re Baroni*, 36 F.4th 958 (9th Cir. 2022) *cert. denied sub nom. Baroni v.*

*Seror*, 2022 WL 16909177 (U.S. Nov. 14, 2022). This appeal is intricately related not only to Mr. Baroni's current appeal of the Calabasas Sale Order and Calabasas Abandon Order, but also to the Turnover Order Appeal and the prior Stay/Protective Order Appeal.

**Related Appeal 2:23-cv-06235-MWF (the "Calabasas Sale Order" and "Calabasas Abandon Order"):**

This appeal concerns James Baroni's appeal of the bankruptcy court's order granting the Trustee's motion to sell the Calabasas Property (the "Calabasas Sale Order") [Bankr. Doc. No. 1919] and denying the Debtor and James Baroni's motion to compel abandonment of the Calabasas Property (the "Calabasas Abandon Order") [Bankr. Doc. No. 1921] both entered on July 27, 2023 and appealed by James Baroni on July 28, 2023. Pursuant to the underlying motion, the Trustee sought approval of the sale of the Calabasas Property, the last estate asset and which property was previously found to be an asset of the estate. *See In re Baroni*, 36 F.4th 958 (9th Cir. 2022) *cert. denied sub nom. Baroni v. Seror*, 2022 WL 16909177 (U.S. Nov. 14, 2022). The Debtor and Mr. Baroni also sought to compel the Trustee to abandon the Calabasas property. This appeal is intricately related to the Turnover Order Appeal and the prior Stay/Protective Order Appeal. It is also intricately related to the current appeal by the Debtor that is the subject of this notice of related case and involves the same bankruptcy court rulings.

**Related Appeal 2:23-cv-02642-MWF (the "Camarillo Abandon Order Appeal"):**

This appeal concerns the Debtor and James Baroni's appeal of the bankruptcy court's order denying the Debtor's motion to compel abandonment of the Camarillo property [Bankr. Doc. No. 1750] (the "Camarillo Abandon Order") entered on February 10, 2023 and appealed by the Debtor and James Baroni on March 30, 2023 (or six weeks and six days after entry of the Camarillo Abandon Order and well outside the 14-day appeal period). Pursuant to the underlying motion, the Debtor sought, among other things, to compel the Trustee to abandon the Camarillo rental

property. This appeal is intricately related to the Camarillo Sale Order Appeal and the Turnover Order Appeal.

**Related Appeal 2:23-cv-02264-MWF (the "Admin Claim Motion Order Appeal")**

This appeal concerns James Baroni's appeal of the bankruptcy court's order denying Mr. Baroni's motion for allowance of administrative expenses pursuant to 11 U.S.C. § 503 entered on March 2, 2023 [Bankr. Doc. No. 1776] (the "Admin Claim Motion Order"). Pursuant to the underlying motion for payment of administrative claim, Mr. Baroni sought, among other things, an administrative claim against the bankruptcy estate for (i) amounts paid during the Debtor's chapter 11 bankruptcy case related to the Baronis' rental properties and residence, (ii) amounts paid after the chapter 11 plan was confirmed and prior to conversion to chapter 7 related to their rental properties and residence, and (iii) amounts paid post-petition by James Baroni to the lender on their residence (the Calabasas property) which were required to be paid in connection with a stay pending appeal granted by Judge Fitzgerald in the Turnover Appeal (defined below).

**Related Appeal 2:23-cv-01818-MWF ("Camarillo Sale Order Appeal"):**

This appeal concerns the Debtor's, James Baroni's and Richard Antognini's appeal of the bankruptcy court's order granting the Trustee's motion to sell the Camarillo property [Bankr. Doc. No. 1774] (the "Camarillo Sale Order").

**Related Appeal 2:23-cv-01812-MWF (the "Protective Order/Sanction Appeal"):**

This appeal concerns the Debtor's, James Baroni's and Richard Antognini's appeal of the bankruptcy court's order granting the Trustee's motion for protective order and sanctions entered on February 10, 2023 [Bankr. Doc. No. 1751] (the "Protective/Sanction Order").

**Related Appeal 2:22-cv-07414-MWF (the "363(i) Appeal"):**

This appeal concerns James Baroni's appeal of the bankruptcy court's order denying [Bankr. Doc. No. 1546] Mr. Baroni's motion to attempt to enforce his 11 U.S.C. § 363(i) rights as to the Carmel property years after the sale order was entered

and after the sale closed. The 363(i) Appeal was affirmed by this Court, and is now on appeal before the Ninth Circuit.

**Related Appeal 2:22-cv-06985-MWF (the "Stay/Protective Order Appeal"):**

This appeal concerns the Debtor's and Richard Antognini's appeal of the bankruptcy court's orders (i) denying the Debtor's motion for a stay of the sale of the Calabasas property [Bankr. Doc. No. 1547]; and (ii) granting in part, and denying in part, the Trustee's motion for a protective order and request for sanctions [Bankr. Doc. No. 1548]. This appeal was dismissed on June 28, 2023 after the matter was fully briefed.

**Related Appeal 2:22-cv-06867-MWF (the "Removal Appeal"):**

This appeal concerns the Debtor's appeal of the bankruptcy court's order denying her motion to, among other things, remove the Trustee as Chapter 7 Trustee (the "Removal Order"), which order was entered on August 9, 2022 [Bankr. Doc. No. 1523]. See also, Memorandum of Decision [Bankr. Do. No. 1522] [*In re Baron*i, 643 B.R. 253, 284 (Bankr. C.D. Cal. 2022)]. Judge Fitzgerald already denied an emergency stay motion filed in the Removal Appeal [Doc. No. 13 in the Removal Appeal]. Briefing has not yet commenced in the Removal Appeal.

**Related Appeal 2:20-cv-04338-MWF (the "Turnover Order Appeal"):**

This appeal concerned the Debtor's appeal of the bankruptcy court's order granting the Trustee's motion for turnover of property of the estate [Bankr. Doc. No. 1148] (the "Turnover Order"). Judge Fitzgerald affirmed the Turnover Order on January 25, 2021 [Doc. No. 40 in the Turnover Appeal]. The Ninth Circuit affirmed the Turnover Order on June 8, 2022. See, *In re Baroni,* 36 F.4th 958, 966 (9th Cir. 2022), *cert. denied sub nom. Baroni v. Seror*, 2022 WL 16909177 (U.S. Nov. 14, 2022). The Turnover Order found that all three real properties (the Debtor's residence in Calabasas, California, and two rental properties in Carmel, California and Camarillo, California) were property of the chapter 7 bankruptcy estate. The

Turnover Order ordered, among other things, the physical turnover of the Carmel and Camarillo properties to the Trustee.

**Related Appeal 2:19-cv-07548-MWF (the "Conversion Appeal"):**

This appeal concerned the Debtor's appeal of the bankruptcy court's order converting her case from chapter 11 to chapter 7 (the "Conversion Order"), which order was entered April 29, 2019 [Bankr. Doc. No. 967]. Judge Fitzgerald affirmed the Conversion Order on January 25, 2021 [Doc. No. 34 in the Conversion Appeal]. The Ninth Circuit affirmed the Conversion Order on June 8, 2022. See, *In re Baroni*, 36 F.4th 958, 966 (9th Cir. 2022), cert. *denied sub nom. Baroni v. Seror*, 2022 WL 16909177 (U.S. Nov. 14, 2022).

**Related Appeal 2:18-cv-10431-MWF (the "RFS Appeal"):**

This appeal concerned the Debtor's appeal of the bankruptcy court's order granting relief from the automatic stay under 11 U.S.C. § 362(d) to CIT Bank, N.A. ("CIT"), the secured lender for the Debtor's residence, which order was entered by the bankruptcy court on October 25, 2018. The RFS Appeal was recently dismissed by stipulation between CIT and the Trustee because the bankruptcy court's order granting the Trustee's motion to approve a settlement between CIT and the Trustee was entered on February 13, 2023 [Bankr. Doc. No. 1756] (the "CIT Settlement Order"). The CIT Settlement Order was not appealed and is now a final order.

**Current Appeal 2:23-cv-06689-WLH (the Summary Judgment Order):**

This current appeal concerns the Debtor and James Baroni's appeal of the Summary Judgment Order in a related adversary proceeding requiring the Debtor and her family to vacate the Calabasas Property in order to effectuate the sale of the Calabasas Property. Adv. Case No. 23-ap-01004-MB, at Doc. No. 47 (Order Granting Motion for Partial Summary Judgment). The Calabasas Property is the last estate asset and which property was previously found to be an asset of the estate. *See In re Baroni*, 36 F.4th 958 (9th Cir. 2022) *cert. denied sub nom. Baroni v. Seror*, 2022 WL 16909177 (U.S. Nov. 14, 2022). The Debtor already has filed an appeal of this

Summary Judgment Order, which appeal is currently pending before Judge Fitzgerald. See Case No. 2:23-cv-06457-MWF. Accordingly, this appeal is not only duplicative of the Debtor's pending appeal (as to her interests), but it is also intricately related to Mr. Baroni's current appeal of the Calabasas Sale Order and Calabasas Abandon Order, but also to the Turnover Order Appeal and the prior Stay/Protective Order Appeal.

\* \* \*

The Debtor has had pending appeals before Judge Fitzgerald for years, and Judge Fitzgerald is familiar with the facts relevant to this appeal of the Summary Judgment Order, which arises out of similar facts and circumstances raised in all the other related appeals including appeals currently pending before Judge Fitzgerald.

Dated: August 21, 2023

BG Law LLP

By: /s/ J. Komorsky
Jason B. Komorsky
Susan K. Seflin
Jessica L. Bagdanov
Attorneys for David Seror, Chapter 7 Trustee and Appellee